**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 26 2000**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

# UNITED STATES COURT OF APPEALS
## TENTH CIRCUIT

---

JOHN P. MCLAUGHLIN,

       Plaintiff-Appellant,

v.

BOARD OF TRUSTEES OF STATE
COLLEGES OF COLORADO,

       Defendant-Appellee,

No. 99-1149

---

Appeal from the United States District Court
for the District of Colorado
(D.C. No. 97-WM-2238)

---

James Craft Fattor, of Burns, Wall, Smith and Mueller, P.C., Denver, Colorado,
appearing for Plaintiff-Appellant.

Andrew D. Ringel (Thomas J. Lyons, with him on the brief), of Hall & Evans,
L.L.C., Denver, Colorado, appearing for Defendant-Appellee.

---

Before **SEYMOUR**, Chief Judge, **TACHA** and **KELLY**, Circuit Judges.

---

**SEYMOUR**, Chief Judge.

John P. McLaughlin brought this action in state court against the Board of Trustees of State Colleges of Colorado challenging the termination of his faculty appointment and his failure to receive a tenured position at the Metropolitan State College of Denver. After the Board removed the case to federal court, the district court granted its motion to dismiss on the basis of Eleventh Amendment immunity. Mr. McLaughlin appeals and we affirm, albeit on other grounds.

# I

Mr. McLaughlin asserted claims against the Board under 42 U.S.C. § 1983 for the denial of his constitutional rights to due process and equal protection, as well as state claims based on breach of contract and promissory estoppel. He sought damages and injunctive relief. In its motion to dismiss, the Board contended the district court lacked subject matter jurisdiction over Mr. McLaughlin's federal claims because of the Board's Eleventh Amendment immunity as an arm of the state. Alternatively, the Board maintained that Mr. McLaughlin failed to state a claim against it under section 1983 because the Board is not a person within the meaning of that statute, citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989).

The district court concluded that the Board is an arm of the state for Eleventh Amendment purposes and that it had not waived its immunity by

removing the action to federal court. The court therefore held that Mr. McLaughlin's claim for monetary damages was barred. The court further concluded that Mr. McLaughlin's claim for injunctive relief did not fall within the *Ex parte Young* exception to Eleventh Amendment immunity, *see* 209 U.S. 123 (1908), because it was not prospective in nature and therefore not the type of claim permitted by that exception. The court accordingly dismissed the federal claims for lack of jurisdiction and remanded the state law claims to state court.[1] On appeal, Mr. McLaughlin contends the Board waived its rights under the Eleventh Amendment by removing the case to federal court.

**II**

Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). An arm of the state may also "assert the Eleventh Amendment as a defense in federal court unless it has waived the defense and consented to suit in federal court." *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1233 (10th Cir. 1999).

---

[1] The Board was subsequently granted summary judgment in state court on Mr. McLaughlin's breach of contract and promissory estoppel claims.

On appeal, Mr. McLaughlin does not challenge the district court's conclusion that the Board is an arm of the state for Eleventh Amendment purposes. He argues instead that the Board waived its immunity by removing the action to federal court. We considered this issue in *Sutton*. *See id.* at 1233-34. We recognized that the test for determining a waiver of immunity is strict and that "there must be an 'unequivocal intent' to waive the immunity." *Id.* at 1234 (quoting *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)). Nonetheless, we observed that "an unequivocal intent to waive immunity seems clear when a state, facing suit in its own courts, purposefully seeks a federal forum." *Id.* (citing *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 393-98 (1998) (Kennedy, J., concurring)). We concluded that the removal in *Sutton* effected a waiver even though the state official who removed the case did not have an express grant of authority to do so. *See id.* at 1235. We held that when "the invocation of federal court jurisdiction [is] brought about by defendants' own counsel," the case presents circumstances showing "an 'extraordinarily effective waiver.'" *Id.* (quoting *Richins v. Industrial Constr., Inc.*, 502 F.2d 1051, 1056 (10th Cir. 1974)).

In ruling to the contrary here, the district court did not have the benefit of our opinion in *Sutton*. The Board contends *Sutton* is not controlling for several reasons. It first claims the present circumstances amount at most to constructive

-4-

waiver, which the Supreme Court held in *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675-81 (1999), has no place in sovereign immunity jurisprudence.

We do not agree that the viability of *Sutton* was undercut by the Court's ruling in *College Savings Bank*. There the Court addressed an argument that implied or constructive waiver arises when federal legislation unambiguously provides that a state will be subject to suit if it engages in specified activity, and the state then voluntarily elects to undertake that activity. *See id.* at 679. Although the Court held that constructive waiver does not exist in that situation, it expressly distinguished cases in which a state affirmatively invokes the jurisdiction of a federal court or makes a clear declaration of its intent to submit itself to a federal court's jurisdiction. *See id*. at 676, 681 n.3 (citing *Gardner v. New Jersey*, 329 U.S. 565 (1947), "for the unremarkable proposition that a State waives its sovereign immunity by voluntarily invoking the jurisdiction of the federal courts.").

The Board also asserts *Sutton* is factually distinguishable, pointing out that the defendants there not only removed the case to federal court, they thereafter litigated the merits and did not raise their entitlement to Eleventh Amendment immunity until oral argument on appeal. Our review of the record here, however, reveals no significant differences between these proceedings and those in *Sutton*,

particularly in light of Justice Kennedy's concurrence in *Schacht*, 524 U.S. at 393, on which we relied in *Sutton*. Although the Board did raise the issue of its immunity in the district court, it also asserted that Mr. McLaughlin failed to state a section 1983 claim in light of *Will*, 491 U.S. 58. By relying on *Will*, the Board was contesting the merits of Mr. McLaughlin's constitutional claim. *See Schacht*, 524 U.S. at 390; *Sutton*, 173 F.3d at 1237. Indeed, the Board conceded at oral argument that its primary reason for removing this action was its desire to pursue the *Will* defense in federal rather than state court. Under these circumstances, we are persuaded the Board affirmatively invoked the jurisdiction of the federal court.

Finally, the Board contends the Colorado Attorney General did not possess authority to waive the state's Eleventh Amendment immunity by removing the case to federal court. In response, Mr. McLaughlin points out that state law authorizes the Attorney General to appear and represent the state in all legal proceedings, *see* COLO. REV. STAT. § 24-31-101(1)(a) (1999). Mr. McLaughlin also observes that under state law, "absent an express statutory mandate to the contrary, government agencies are to be treated as would [be] any other litigant while before the court," *Biella v. State Dep't of Highways*, 652 P.2d 1100, 1102 (Colo. Ct. App. 1982) (internal quotation omitted), *aff'd*, 672 P.2d 529 (Colo. 1983), and that the "[a]uthority of an attorney to appear for another is presumed,"

*Traxler v. Board of Trustees of the Firemen's Pension Fund*, 701 P.2d 607, 608 (Colo. Ct. App. 1984). Moreover, in *Sutton* we held that removing the case to federal court and litigating the merits constituted an effective waiver despite statutory language precluding the Attorney General from waiving Eleventh Amendment immunity by entering an appearance and litigating the case. The case for waiver is even more compelling here where such preclusive state legislation is not present.

Our conclusion is supported by Justice Kennedy's concurring opinion in *Schacht*. While recognizing that the issue was not before the Court, Justice Kennedy nonetheless discussed at length the argument that a state waives its Eleventh Amendment immunity by expressly consenting to removal of a case from state court. The state there had "consented to removal but then registered a prompt objection to the jurisdiction of the United States District Court over the claim against it." *Schacht*, 524 U.S. at 393 (Kennedy, J., concurring). Justice Kennedy pointed out that

> [s]ince a State which is made a defendant to a state court action is under no compulsion to appear in federal court and, like any other defendant, has the unilateral right to block removal of the case, any appearance the State makes in federal court may well be regarded as voluntary in the same manner as the appearances which gave rise to the waivers in *Clark* [*v. Barnard*, 108 U.S. 436, 447-48 (1883),] and *Gardner* [*v. New Jersey*, 329 U.S. 565, 574 (1947)].

*Id*. at 395-96.

Justice Kennedy also addressed whether a waiver can be found in the absence of state law authorizing the attorney representing the state to waive the Eleventh Amendment on its behalf. He opined that

> the absence of specific authorization . . . is not an insuperable obstacle to adopting a rule of waiver in every case where the State, through its attorneys, consents to removal from the state court to the federal court. If the States know or have reason to expect that removal will constitute a waiver, then it is easy enough to presume that an attorney authorized to represent the State can bind it the the jurisdiction of the federal court (for Eleventh Amendment purposes) by the consent to removal.

*Id.* at 397. Finally, while recognizing that the Court's recent cases disfavor constructive waiver and require that consent to suit be unequivocal, Justice Kennedy stated that removal is conduct far less equivocal than the conduct at issue in the other cases, observing that it is "an act considerably more specific than the general participation in a federal program found insufficient" in those cases. *Id.* at 397.

In sum, we conclude the Board waived its Eleventh Amendment immunity in this case. We need not remand for further consideration of Mr. McLaughlin's claim, however, because we may affirm the district court on any ground supported by the record. *See Harris v. Champion*, 51 F.3d 901, 905 (10th Cir. 1995); *Swoboda v. Dubach*, 992 F.2d 286, 291 (10th Cir. 1993). As we discuss below, Mr. McLaughlin has failed to state a claim for relief under section 1983.

## III

A cause of action under section 1983 requires the deprivation of a civil right by a "person" acting under color of state law. 42 U.S.C. § 1983; *Sutton*, 173 F.3d at 1237. Mr. McLaughlin named as the sole defendant in this action the Board of Trustees, an entity he concedes is an arm of the state. The Supreme Court held in *Will* that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71. As we explained in *Harris*, "a governmental entity that is an arm of the state for Eleventh Amendment purposes" is not a "person" for section 1983 purposes. *Harris*, 51 F.3d at 905-06. Having sued only the Board rather than the individual trustees, Mr. McLaughlin has failed to state a claim against a person covered by section 1983.[2]

The judgment of the district court dismissing the action is **AFFIRMED**.

---

[2] If Mr. McLaughlin had sued a state official instead of the Board, he could have argued the viability of his claim for prospective injunctive relief because

> a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because "official-capacity actions for prospective relief are not treated as actions against the State."

*Will*, 491 U.S. at 71 n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)). Having failed to do so, however, Mr. McLaughlin is left without a federal claim.