PAUL KELLY, Jr., Circuit Judge,
concurring in part and dissenting in part.
I.
At oral argument, Defendants raised the Eleventh Amendment, which had not been presented to the district court or in their appellate briefs. The Eleventh Amendment may be raised at any stage of the proceedings, and sua sponte. See Calderon v. Ashmus, 523 U.S. 740, 745 n. 2, 118 S.Ct. 1694, 140 L.Ed.2d 970 (1998); Higgins v. Mississippi, 217 F.3d 951, 953-54 (7th Cir.2000); United States ex rel. Long v. SCS Business & Technical Institute, Inc., 173 F.3d 890, 893 (D.C.Cir.1999). Our cases have considered Eleventh Amendment immunity sua sponte, and in similar circumstances. See, e.g., Sutton v. Utah State Sch. for the Deaf and Blind, 173 F.3d 1226, 1231-32 (10th Cir.1999); V-1 Oil Co. v. Utah State Dep’t of Pub. Safety, 131 F.3d 1415, 1419-20 (10th Cir.1997); Mascheroni v. Board of Regents of the Univ. of Cal., 28 F.3d 1554, 1559 (10th Cir.1994).
In view of the Supreme Court’s holding in Wisconsin Dep’t of Corrections v. Schacht, 524 U.S. 381, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998), however, it seems appropriate to consider whether the Defendants have waived their Eleventh Amendment immunity argument.
According to the Court,
The Eleventh Amendment ... does not automatically destroy original jurisdiction. Rather, the Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so. The State can waive the defense. Nor need a court raise the defect on its own. Unless the State raises the matter, a court can ignore it.
Schacht, 524 U.S. at 389, 118 S.Ct. 2047. To be sure, past Supreme Court cases have implied that Eleventh Amendment immunity is in the nature of a subject matter jurisdiction defense. See id., 524 U.S. at 393, 118 S.Ct. 2047 (Kennedy, J„ concurring). While the Eleventh Amendment may be a limitation on a federal court’s judicial power, “it is not coextensive with the limitations on judicial power in Article III.” Calderon, 523 U.S. at 745 n. 2, 118 S.Ct. 1694. Were the Eleventh Amendment truly jurisdictional, a court would not be free to ignore it. See Parella v. Retirement Bd. of R.I. Employees’ Retirement Sys., 173 F.3d 46, 55-56 (1st Cir.1999). Even the Supreme Court has addressed merits questions before Eleventh Amendment immunity. See Vermont Agency of Natural Resources v. United States ex rel. Stevens, — U.S. -, 120 S.Ct. 1858, 1865-66, 146 L.Ed.2d 836 (2000).
Here, Defendants were represented by the able Legal Bureau of the New Mexico State Risk Management Division, and did not raise Eleventh Amendment immunity as an affirmative defense in their answer. They moved to dismiss only the individual Defendants named in their individual capacities. In replying to Plaintiffs argument against the motion, Defendants relied upon abrogation of Eleventh Amendment immunity and stated:
The waiver of the state’s immunity has been validated, at least for Title VII and whether the waiver is valid for the ADA has not been conclusively determined in light of Seminole Tribe of Fla. v. Florida, [517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252] (1996), but that issue is not asserted in the pending motion.
ApltApp. 26. The district court agreed that Eleventh Amendment immunity had been abrogated pursuant to section 5 of the Fourteenth Amendment. Id. at 29. After failing to make an argument that the ADA’s abrogation of Eleventh Amendment immunity was invalid, Defendants partici *1137 pated in discovery and then moved for summary judgment on the merits.
Although a state’s waiver of Eleventh Amendment immunity must be clear and unequivocal, waiver is possible where the state voluntarily invokes federal jurisdiction or clearly declares its intent to submit to federal jurisdiction. See College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 675-77, 119 S.Ct. 2219, 2226, 144 L.Ed.2d 605 (1999). We have found waiver where a state removes a case to federal court, asserts immunity and then defends on the merits. See McLaughlin v. Board of Trustees of State Colleges of Colo., 215 F.3d 1168, 1170-71 (10th Cir.2000) (adopting Justice Kennedy’s approach in his concurring opinion in Schacht); see also Sutton, 173 F.3d at 1234-36 (state removed to federal court and litigated on the merits). Of course, merely defending a suit in federal court does not amount to a waiver. But where a state is aware of the Eleventh Amendment argument but withholds it in favor of defending on the merits, its conduct may amount to a waiver. See Neinast v. Texas, 217 F.3d 275 (5th Cir.2000) (“[T]he state cannot simultaneously proceed past the motion and answer stage to the merits and hold back an immunity defense”); Hill v. Blind Indus. & Servs. of Maryland, 179 F.3d 754, 762-63 (9th Cir.1999). In deciding this issue, we may look to the conduct of the state claiming Eleventh Amendment immunity. See Innes v. Kansas State Univ. (In re Innes), 184 F.3d 1275, 1280 (10th Cir.1999), cert. denied, — U.S. -, 120 S.Ct. 1530, 146 L.Ed.2d 345 (2000). Defendants never presented their current argument to the district court, preferring to hedge the bet at the court of appeals during oral argument. Because the case is easily resolved on grounds narrower than the Eleventh Amendment, I would not reach the Eleventh Amendment issue. See Parella, 173 F.3d at 56-57; see generally Three Affiliated Tribes v. Wold Eng’g, P.C., 467 U.S. 138, 157, 104 S.Ct. 2267, 81 L.Ed.2d 113 (1984); Ashwander v. Tennessee Valley Auth., 297 U.S. 288, 347, 56 S.Ct. 466, 80 L.Ed. 688 (1936) (Brandeis, J., concurring).
II.
I concur in the court’s opinion on the merits (parts III & IV), with the exception of part IV(B), which reverses summary judgment on the ADA retaliation claim. While it is true that Plaintiff was on leave without pay status at the time she made her request to participate in the leave donation program, that leave without pay status was only until Defendants received a completed request for extended leave without pay. Aplt-App. 170 (Defendants’ letter to Plaintiff dated 9/29/95) (“On Friday, September 15, Christine B. Romero, Director of the Human Resources Division, verbally approved leave without pay (as opposed to ‘extended leave without pay’) until such time as the Department receives your completed Request for Extended Leave Without Pay form so we can make a formal decision based on applicable rules.”). Plaintiffs request was received on October 18, 1995. Aplt.App. 187. On November 6, 1995, the Defendant denied the request for extended leave without pay because Plaintiff would not waive the “like status and pay, at the same geographic location” condition. Id. at 188. Plaintiff was placed in AWOL status as of October 18, 1995, which was the date that the leave without pay status ran out. See id. She was also given additional time to waive the condition. See id.
Though the Court states that placement in AWOL status was retroactive, Ct. Op. at 1134, it must be remembered that Plaintiffs status after October 18, 1995, was a fait accompli if she would not waive the condition. None of the summary judgment material suggests that Defendants were under any obligation to grant her extended leave without pay when she would not waive the condition, and then allow her to participate in the leave program.
In seeking summary judgment, Defendants articulated a legitimate, non-discrim *1138 inatory reason for placing the Plaintiff in AWOL status as of October 18, 1995-spe-cifically, Plaintiff refused to waive the pertinent condition. See Aplt-App. 41; Aplee. Supp.App. 32-33. Defendant then refused to consider the leave donation request as Plaintiff was AWOL and not in good standing. See Aplt.App. 115, 271. Plaintiff was warned repeatedly about this and the evidence indicates that a failure to report for work when FMLA leave expired might be considered a voluntary resignation. See Aplee. SuppApp. 26.
In my view, Plaintiff completely failed to demonstrate pretext. See Anderson v. Coors Brewing Co., 181 F.3d 1171, 1180 (10th Cir.1999) (discussing pretext). For example, Plaintiffs response to the summary judgment motion states:
25. Other employees of the Defendant have been granted donated annual leave despite the sworn affidavit of Christine Romero, which contradicts her deposition testimony.[1] Her affidavit indicates no other coworkers of Plaintiff had been granted said leave.
26. Defendant Christine Romero has indicated an animosity towards the Plaintiff over a number of years.
Aplt-App. 144 (citations omitted). Plaintiff then points to a coworker (Don Lawson) who requested donated annual leave because of a medical condition that required a six-month absence. Id. at 174, 202. Plaintiff, however, has no evidence that the coworker was similarly situated to her-that the coworker was at a point where he needed indefinite extended leave without pay and refused to waive the pertinent condition simultaneously with requesting leave donations. Cf. Krouse v. American Sterilizer Co., 126 F.3d 494, 504 (3rd Cir.1997) (analyzing “similarly situated” in ADA retaliation context). Nothing indicates that the Defendant’s reasons are unworthy of belief, thus, I respectfully dissent from part IV(B).

. The contradiction is hardly apparent. In opposing summary judgment, Plaintiff has the burden to explain. See Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 671-72 (10th Cir.1998)