CAPITAL COMMUNITY COLLEGE STUDENT SENATE, Capital Community College Black Student Union, Capital Community College Latin American Student Association, Debra McCoy, Franklin Vazquez, Noreen Daniels, Jannie M. Evans, and Andrea Mesquita, Plaintiffs,

v.

State of CONNECTICUT, Board of Trustees of Community Technical Colleges, and John G. Rowland, Defendants.

No. 3:00CV1540 (RNC).

United States District Court, D. Connecticut.

Sept. 21, 2001.

John R. Williams, William & Pattis, New Haven, CT, for Plaintiffs.

Linsley J. Barbato, Holly Jean Bray, Attorney General's Office, Hartford, CT, for Defendants.

*RULING AND ORDER*

CHATIGNY, District Judge.

Plaintiffs bring this case under 42 U.S.C. § 1983, claiming that defendants' plan to relocate Capital Community College ("Capital") violates their rights under the Equal Protection Clause of the Fourteenth Amendment. The complaint seeks to enjoin defendants from relocating the college. All defendants have moved to

dismiss the complaint for failure to state a claim upon which relief can be granted. Because the State of Connecticut and the Board of Trustees are not "persons" subject to suit under § 1983, and because the plaintiffs have failed to allege a valid equal protection claim against Governor Rowland, the motion is granted.[1]

## I. Background

In accordance with the standard for considering motions to dismiss under Rule 12(b)(6), the well-pleaded allegations of the complaint are accepted as true. *See Bolt Electric, Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir.1995). Capital Community College is part of a system of statewide, public community colleges operated by the Board of Trustees of Community Technical Colleges ("the Board"). This case stems from a plan to relocate Capital to the G. Fox Building in downtown Hartford. Plaintiffs are five named individuals and three student organizations (the Capital Community College Student Senate, the Capital Community College Black Student Union, and the Capital Community College Latin American Student Association). Plaintiffs are "students or alumnae" of the college. Compl. ¶ 3. According to the complaint, Capital has a higher percentage of minority students than any of the other state-run community colleges.[2]

Plaintiffs charge that defendants have a "plan to reduce the quality of education available to students at Capital Community Technical College in comparison to the students at other colleges in the system" by relocating the college to an inferior site that will force "the abolition of some of the educational programs now being offered," increase certain costs to students (such as unsubsidized parking rates), reduce the number and quality of classrooms, and "entirely and adversely change the character of the institution." Compl. ¶ 11. They state that this plan represents discrimination against them "in the provision of education upon the basis of their race and ethnicity" in violation of the Equal Protection Clause.

## II. Discussion

The issue presented by the defendants' motion is whether the allegations of the complaint constitute a statement of a claim under Rule 8(a). The motion may be granted only if it appears beyond doubt that the plaintiffs can prove no set of facts consistent with the allegations of the complaint that would provide a basis for relief. *See Ganino v. Citizens Util. Co.*, 228 F.3d 154, 161 (2d Cir.2000) (quoting *Koppel v. 4987 Corp.*, 167 F.3d 125, 130 (2d Cir. 1999)).

*Claim Against the State and Board of Trustees*

■■ Section 1983 authorizes suit only against a "person" who has deprived another of federal statutory or constitutional rights under color of state law. 42 U.S.C. § 1983. A state is not a "person" subject to suit under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). For this reason, the motion to dismiss must be granted as to the State of Connecticut.

---

**1.** The plaintiffs' memorandum in opposition refers to "the action for damages against the individual defendants." However, the complaint names only one individual defendant, Governor Rowland, and makes no request for money damages. Accordingly, I must assume for purposes of this motion that the Governor is the only individual defendant and that the only relief sought is an injunction.

**2.** The student body at Capital is 35% African–American and 20% Latino, compared to a statewide average of 12.3% African–American and 9.6% Latino. Compl. ¶ 10.

Defendants contend that the Board is not a "person" under § 1983 because, under *Will*, state agencies are not persons. The Second Circuit has followed this rule. *See Jones v. New York State Div. of Military and Naval Affairs*, 166 F.3d 45, 49 (2d Cir.1999) ("[N]either the [New York State Division of Military and Naval Affairs] nor the [New York State Army National Guard] are 'persons' within the meaning of 42 U.S.C. § 1983."); *Komlosi v. New York State Dep't of Mental Retardation and Developmental Disabilities*, 64 F.3d 810, 815 (2d Cir.1995) (New York State Department of Mental Retardation and Developmental Disabilities is arm of the state and therefore cannot be sued under § 1983).

Though the Second Circuit does not seem to have directly addressed the issue, other circuits have applied this rule to boards of trustees of state colleges and universities. For example, in *Kaimowitz v. Board of Trustees of University of Illinois*, 951 F.2d 765 (7th Cir.1991) the Seventh Circuit prohibited a § 1983 lawsuit against a board because "state universities are 'alter egos' of the state" and thus under *Will* cannot be subject to suit under § 1983. *Id.* at 767 (quoting *Cannon v. Univ. of Health Sciences/The Chicago Med.Sch.*, 710 F.2d 351, 357 (7th Cir. 1983)). In *McLaughlin v. Board of Trustees of State Colleges of Colorado*, 215 F.3d 1168 (10th Cir.2000), the court held that a plaintiff who sued the board of trustees of a state college system, rather than individual trustees, failed to state a claim for injunctive relief under § 1983. *Id.* at 1172. *See also Vizcarrondo v. Bd. of Trs. of Univ. of P.R.*, 139 F.Supp.2d 198 (D.P.R. 2001).

Following the Seventh and Tenth Circuits, I agree with the defendants that the Board is not a "person" subject to suit under § 1983 and that the complaint against the Board must therefore be dismissed.

*Equal Protection Claim*

The Equal Protection Clause prohibits the government from treating similarly situated individuals differently. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). It is well-settled that the different treatment must be intentional to constitute an equal protection violation. *See, e.g., Ricketts v. City of Hartford*, 74 F.3d 1397, 1407 (2d Cir. 1996) ("[A] claimant under the Fourteenth Amendment's Equal Protection Clause . . . must establish intentional discrimination."); *Vill. of Arlington Heights v. Metropolitan Housing Dev. Corp.* 429 U.S. 252, 264–65, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977). The governmental action must be taken at least in part "because of," not merely "in spite of," the adverse effects it will have on a particular group. *Hayden v. County of Nassau*, 180 F.3d 42, 50 (2d Cir.1999) (quoting *Personnel Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979)). In this case, therefore, plaintiffs must allege that defendant Rowland intends to relocate Capital for the purpose of discriminating against them. They have failed to do so.

Plaintiffs allege that Capital has more African American and Latino students than any of the other community colleges in the system, and that the relocation plan discriminates against plaintiffs "upon the basis of their race and ethnicity." Compl. ¶ 12. While these generalized allegations might lead to a reasonable inference that the plan has a disproportionate effect on minority students in the community college system, that disparate impact cannot, in itself, support an inference of intentional discrimination. Plaintiffs state in a conclusory manner that they will suffer discrimination if the relocation

274

occurs, but they do not allege that Governor Rowland's motive was to discriminate against African American and Latino students.[3] Moreover, they affirmatively allege a non-discriminatory reason for the relocation, namely, to enrich an unnamed business associate of Governor Rowland who owns the building. Compl. ¶ 11. The complaint thus provides an inadequate basis for an equal protection claim.

### III. Conclusion

Accordingly, it is hereby ordered that the complaint is dismissed without prejudice. Plaintiffs will have until October 19, 2001, to file and serve an amended complaint curing the deficiencies identified in this ruling. If no amended complaint is filed by then, the dismissal will be with prejudice.

So ordered.

---

**3.** Defendants point out that plaintiffs do not specifically allege their own race or ethnicity. However, assuming that at least some of the plaintiffs are African American or Latino, the complaint still fails to allege the intentional discrimination that is necessary to sustain an equal protection claim.