264 P.3d 553 (2011)
2011 UT App 351
In the interest of J.F., C.F., and B.F., persons under eighteen years of age.
D.F. and R.M.F., Appellants,
v.
M.F. and J.D.F., Appellees.
No. 20110674-CA.
Court of Appeals of Utah.
October 14, 2011.
Rehearing Denied November 1, 2011.
*554 D.F. and R.M.F., Springville, Appellants pro se.
James L. Driessen, Lindon, for Appellee J.D.F.
Martin N. Olsen, Midvale, for Appellee M.F.
Martha Pierce, Salt Lake City, Guardian Ad Litem.
Before Judges ORME, THORNE, and CHRISTIANSEN.

DECISION
PER CURIAM:
¶ 1 D.F. and R.M.F. (Grandparents) appeal the dismissal of their motion for an order to show cause filed in a closed juvenile court case. We affirm the dismissal.
¶ 2 In June 2004, Grandparents filed a petition alleging that their grandchildren were abused or neglected by their mother. The parties reached a stipulated agreement for disposition of the petition, which resulted in an Order of Final Disposition, entered on January 11, 2005, and providing, in part,
1. The subject minor children will have no contact, directly or indirectly, with [K.M.] or his family....
7. Each party shall accept service by mail, either through counsel or by themselves, of an Order to Show Cause to be filed in the district court. The Guardian ad litem shall initiate the order to show cause as quickly as possible unless the Guardian ad litem is no longer appointed in that case to represent the children. If the Guardian ad litem is no longer representing the children in the district court, one of the parties is required to petition the Court for appointment of the Guardian ad litem....
13. This Petition before the Juvenile Court is hereby dismissed.
¶ 3 Based upon the stipulation, the juvenile court did not proceed to an adjudication of the factual allegations of Grandparents' petition; did not adjudicate the children as neglected, abused, or dependent; and dismissed the petition, thereby terminating any jurisdiction over the case. At the time of the juvenile court's disposition, the children's parents were parties to a divorce proceeding in the district court. In June of 2011, Grandparents filed a Motion for Order to Show Cause Re: Contempt of No Contact Order, seeking to enforce the provisions of the 2005 disposition order that prohibited the children from having contact with K.M. and his family. In an affidavit supporting their motion for an order to show cause, Grandparents alleged that the parents had later stipulated to the removal of this no contact provision by the district court. Grandparents sought enforcement of the no contact provision by the juvenile court and also sought to have the children's parents held in contempt for allowing contact between the children and K.M. The July 12, 2011 order that is the subject of Grandparents' appeal stated that the juvenile court "lacks jurisdiction to hear the Order to Show Cause filed in the above entitled matter." The order also stated that "this matter was dismissed by stipulation of the parties and court order on January 11, 2005, and the *555 matter was transferred to the Fourth District Court."
¶ 4 The issue before this court is whether the juvenile court erred in dismissing the motion for an order to show cause for lack of subject matter jurisdiction. The juvenile court did not err. The 2005 Order of Final Disposition dismissed the petition and thereby terminated juvenile court jurisdiction. The order provided a mechanism for enforcement of its provisions through an order to show cause filed by a Guardian Ad Litem in district court. If Grandparents seek to enforce the provisions of the 2005 order, they must comply with the terms of the order by either requesting the Guardian Ad Litem to file an order to show cause or, if no Guardian Ad Litem is currently representing the children, by petitioning the district court for appointment of a Guardian Ad Litem. Thus, the juvenile court's dismissal of the order to show cause was consistent with the 2005 order, which contemplated that the juvenile court case would be dismissed and enforcement of provisions of the stipulated order would be by the district court. If Grandparents seek to pursue their claim that the no contact provisions were inappropriately modified or removed by the district court because Grandparents' consent was not obtained, that claim must be presented to the district court where the modification occurred.
¶ 5 Furthermore, Grandparents' claim that the juvenile court can exercise continuing jurisdiction over the children in this case is misplaced. In addition to the fact that Grandparents' petition was dismissed by stipulation of the parties, the children were never adjudicated to be within the juvenile court's jurisdiction as neglected, abused, or dependent children. See Utah Code Ann. § 78A-6-103(1)(c) (Supp.2011) (providing for juvenile court jurisdiction over children who are adjudicated to be abused, neglected, or dependent). There is simply no basis for an exercise of continuing jurisdiction over these children. Accordingly, we affirm the dismissal of Grandparents' motion for an order to show cause.