FILED
United States Court of Appeals
Tenth Circuit

December 3, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DAVID FULLER; RUTH M. FULLER,
grandparents,

        Plaintiffs - Appellants,

v.

LYNN W. DAVIS, Honorable Judge,
in his official and individual capacities;
MARY NOONAN, Honorable Judge,
in her official and individual capacities;
JAY JENSEN, Dr. of ACAFS, (a/k/a the
Family Academy); FOURTH DISTRICT
COURT; OFFICE OF THE GUARDIAN
AD LITEM, 4th District, ACAFS and
CASA; BRENT H. BARTHOLOMEW,
#4269, in his official and individual
capacities; THOMAS R. PATTON,
Commissioner, in his official and
individual capacities,

        Defendants - Appellees.

No. 14-4036
(D.C. No. 2:13-CV-00375-TS)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The claims asserted in this civil rights action under 42 U.S.C. §§ 1983 and 1985 arise out of state court proceedings involving grandchildren of plaintiffs David and Ruth Fuller. The district court dismissed these claims for legal reasons that varied depending on the nature and role of the implicated defendant. Plaintiffs now appeal. We affirm for the reasons stated below.

## STATE COURT PROCEEDINGS

A brief summary of the pertinent state proceedings will orient our analysis. In 2004, the Fullers filed a petition in the juvenile court for the Fourth District of Utah, alleging that their grandchildren were being abused or neglected by their mother. The case was heard by defendant Judge Mary Noonan, and defendant Brent Bartholomew was appointed Guardian Ad Litem (GAL). Mediation in 2005 led to dismissal of the case with a stipulated order that the grandchildren have no contact with a certain person or his family, but the juvenile court made no finding of abuse or neglect. The order provided that its enforcement required a show-cause motion filed by the GAL in the district court (not the juvenile court) for the Fourth District. Around the same time, the grandchildren's parents were in divorce proceedings before defendant Judge Lynn Davis, in which defendant Thomas Patton served as Commissioner. The Fullers tried, without success, to intervene in those proceedings.

In 2011, the Fullers personally moved to enforce the no-contact order in the juvenile court. That court (per Judge Noonan) dismissed their motion for lack of

jurisdiction, which lay, rather, in the district court. The Utah Court of Appeals affirmed the dismissal. *See In re J.F.*, 264 P.3d 553, 554 (Utah Ct. App. 2011) (per curiam). The Fullers then filed a show-cause motion in the district court, which (per Judge Davis) ultimately ruled that the no-contact order was void and unenforceable because the juvenile court lacked jurisdiction to enter such an order. The court of appeals affirmed, holding that absent a finding of abuse, neglect, or dependence, the juvenile court lacked subject matter jurisdiction to enter or enforce any orders upon dismissal of the case. *See M.F. v. J.F.*, 312 P.3d 946, 949-50 (Utah Ct. App. 2013), *cert. denied*, *Fuller v. Fuller*, 320 P.3d 676 (Utah Feb. 18, 2014). Disappointed by the ineffectuality of the no-contact order, and attributing deceitful conspiratorial motives to those involved in its negotiation and issuance, the Fullers brought this action for a declaratory judgment overriding the state district court decision (later affirmed on appeal) invalidating the order and an injunction to compel its enforcement. They also sought damages from the defendants for their allegedly unconstitutional conduct in the state proceedings. [1]

---

[1]     In addition to the defendants already identified, the Fullers also sued child custody evaluator Dr. Jay Jensen and the entity he works for (ACAFS), the Office of GAL and Court Appointed Special Advocate (CASA), and the Fourth Judicial District. Their pleadings were later construed by the district court to include the State of Utah as well, although it has not been formally added to the caption.

The Fullers also requested a temporary injunction removing the children from their mother and placing them in the custody of their father. They do not mention this point in their appellate briefing, where they repeatedly emphasize that their concern is with enforcement of the no-contact order and not custody. We therefore do not consider it further here.

As the district court recognized, the Fuller's pro se suit has a number of basic legal problems, some applicable to claims against particular defendants and some more widely implicated by all. The district court dismissed the case in an order invoking *inter alia* Eleventh Amendment immunity, lack of state action, judicial and quasi-judicial immunity from individual liability for damages, lack of jurisdiction under the *Rooker-Feldman* doctrine,[2] abstention under *Younger v. Harris*, 401 U.S. 37 (1971), and failure to state a claim. Because all of these grounds entail conclusions of law, our review is de novo. *See generally Dill v. City of Edmond*, 155 F.3d 1193, 1209 (10th Cir. 1998).

## ANALYSIS

### A. Compelling Enforcement of the No-Contact Order—*Younger* Abstention

The focal point of the equitable relief sought in this case is the Fullers' effort to enforce the no-contact order issued by the state juvenile court in 2005. Basically, they contend that contrary to the cited state court rulings, the order is valid and enforceable or, if it is not, it should nevertheless be enforced in light of the surrounding circumstances.

As the district court recognized, these contentions potentially implicate either *Younger* abstention or the *Rooker-Feldman* doctrine, depending on the status of the underlying state court proceedings. That is, if the proceedings were ongoing, the

---

[2] The doctrine takes its name from the seminal decisions in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

district court might have to abstain from interfering with them under *Younger*; if the proceedings had been finally concluded, the district court might lack jurisdiction under *Rooker-Feldman* to entertain what appears to be a challenge to the state courts' determination of the enforceability of one of their own orders. The time frame for this assessment is when the federal action was filed. *See Bear v. Patton*, 451 F.3d 639, 641-42 (10th Cir. 2006) (*Rooker-Feldman*); *Ass'n of Cmty. Orgs. For Reform Now v. Municipality of Golden*, 744 F.2d 739, 742 (10th Cir. 1984) *(Younger)*.

Here, the Fullers' state appeal involving the enforceability of the no-contact order was pending not only when this case was filed, but as late as when the district court entered its dismissal order. The district court thus properly eschewed reliance on *Rooker-Feldman* and instead looked to *Younger*. It then went on to explain its reasons for holding that interference with the state courts' ongoing proceedings, by a preemptive federal enforcement of the no-contact order under review there, satisfied the conditions for abstention under *Younger*. The Fullers do not challenge any of this analysis. Accordingly, we affirm this aspect of the district court's order.

## B. Claims for Damages

### 1. Judges Noonan and Davis

"The Supreme Court of the United States has long held that judges are generally immune from suits for money damages." *Stein v. Disciplinary Bd. of Supreme Ct. of N.M.*, 520 F.3d 1183, 1195 (10th Cir. 2008). "There are only two exceptions to this rule: (1) when the act is not taken in the judge's judicial capacity,

and (2) when the act, though judicial in nature, is taken in the complete absence of all jurisdiction." *Id.* (brackets and internal quotation marks omitted). The district court held that Judges Noonan and Davis were entitled to absolute judicial immunity under these principles. We agree. While the Fullers assert that the judges acted outside their judicial capacities and in the absence of jurisdiction, these conclusory assertions are not supported by the alleged facts.

## 2. Commissioner Patton

The district court also held that Commissioner Patton was entitled to absolute immunity. The absolute immunity available to judges has been extended, under the rubric of quasi-judicial immunity, to other officials who perform functions closely associated with the judicial process. *Dahl v. Charles H. Dahl, M.D., P.C.*, 744 F.3d 623, 630 (10th Cir. 2014). Court commissioners clearly fit this description. As adjuncts to the appointing court, they hold pretrial conferences, conduct hearings, make recommendations to the court, and engage in other quasi-judicial functions. *See Buck v. Robinson*, 177 P.3d 648, 651-52 (Utah Ct. App. 2008). Nothing about Commissioner Patton's alleged participation in the events here took him out of this quasi-judicial role. We agree with the district court that he was entitled to absolute immunity.

## 3. GAL Bartholomew

GALs are also entitled to quasi-judicial immunity for conduct associated with the judicial process. *See Dahl*, 744 F.3d at 630. Thus, to the extent Bartholomew's

participation in the operative events here was in furtherance of the judicial process, we agree with the district court that he was entitled to absolute immunity.

Alternatively, to the extent any of Bartholomew's actions on behalf of the children he represented were too far removed from the judicial process to implicate quasi-judicial immunity, the district court properly held that liability could not attach because he was not a state actor proceeding under color of state law for purposes of liability under § 1983. *See Meeker v. Kercher*, 782 F.2d 153, 155 (10th Cir. 1986) (holding GAL, like public defender, is not state actor when engaged in advocacy for client). While conspiring with others who are state actors can imbue the conduct of private persons with state action, the Fullers' conjecture that Bartholomew conspired with other defendants to create an unenforceable no-contact order is too speculative and conclusory to suffice for this purpose. *See, e.g.*, *Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2003) (holding conclusory allegation of conspiracy with state actors insufficient to extend § 1983 liability to private defendant); *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994) (same); *see also Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010) (discussing need for specific factual allegations, rather than speculative conclusions, for plausible conspiracy claim under pleading standard clarified in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).[3]

_____

[3]     We note that action under color of state law is not required for relief under § 1985, but deficient allegations of conspiracy are equally fatal to the Fullers' claim under that statute. *See, e.g.*, *Northington v. Jackson*, 971 F.2d 1518, 1521-22 (10th Cir. 1992).

### 4. Dr. Jay Jensen and ACAFS

While their allegations in this respect are not a model of clarity, the Fullers appear to assert two claims against Dr. Jensen: conducting a negligent custody evaluation in connection with the divorce proceedings (and/or possibly the juvenile court proceedings) and conspiring with other defendants against the Fullers. Again, the threshold problem with these claims, asserted against a private individual and the private entity he works for, is action under color of state law. And we agree with the district court that the speculative and conclusory allegation of conspiracy is no more sufficient here than it was with respect to GAL Bartholomew.

### 5. State of Utah, Fourth Judicial District, and Office of the GAL/CASA

The district court properly held that the State of Utah, the Fourth Judicial District, and the Office of the GAL were not subject to suit in this case. A state and its arms are entitled to Eleventh Amendment Immunity unless such immunity has been waived. *McLaughlin v. Trustees of State Colleges of Colo.*, 215 F.3d 1168, 1170 (10th Cir. 2000) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)). And even if immunity has been waived (which we are given no basis for finding here), a state and its arms are not "persons" within the reach of the civil rights statute. *Id.* at 1172 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

A civil rights plaintiff may circumvent these obstacles to obtain prospective injunctive relief by suing an appropriate state officer in his official capacity. *See id.* at 1172 n.2 (recognizing this means to avoid dismissal for failure to name person

- 8 -

subject to suit under § 1983, citing *Will*, 491 U.S. at 71 n.10); *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1183 (10th Cir. 1999) (recognizing this means to avoid dismissal under Eleventh Amendment, citing *Ex Parte Young*, 209 U.S. 123 (1908)). The Fullers named several defendants in their official as well as individual capacities, potentially implicating this principle. The district court rejected its application here, however, holding that the Fullers had not alleged an ongoing violation of their rights under federal law to support prospective injunctive relief. We agree. "Determining whether a request for injunctive relief is prospective requires a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Buchheit v. Green*, 705 F.3d 1157, 1159 (10th Cir. 2012) (brackets and internal quotation marks omitted). The gravamen of the Fullers' complaint is that they were tricked long ago into agreeing to an unenforceable no-contact order. Because they are "seeking to address alleged past harms rather than prevent prospective violations of federal law, we can only reasonably characterize such relief as retrospective."[4] *Id.* Moreover, as we have held, their request for an injunction compelling enforcement of the no-contact order was precluded under *Younger* in any event.

---

[4] The Fullers' complaint also included a vague request that the court order the GAL/CASA Office to adopt (unspecified) appropriate policies for the execution and enforcement of juvenile court settlement agreements. This does appear to be a request for relief of a prospective nature, but there simply has been no claim stated that the Office's existing policies (again unspecified) give rise to an ongoing violation of federal law to warrant such relief.

- 9 -

The judgment of the district court is affirmed.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge