[Civ. No. 9400. Third Dist. July 21, 1958.]

JOSE V. CARDOSO et al., Appellants, v. DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL, Respondent.

Anthony J. Kennedy for Appellants.

Edmund G. Brown, Attorney General, E. G. Funke, Assistant Attorney General, and William T. Chidlaw, Deputy Attorney General, for Respondent.

WARNE, J. pro tem.*—This is an appeal from a judgment of dismissal entered upon an order sustaining a general demurrer to a petition for a writ of mandate without leave to amend.

The petition was filed by appellants, seeking review of a decision of the Department of Alcoholic Beverage Control which revoked their on-sale liquor license. Appellants did not appeal the decision to the Alcoholic Beverage Control Appeals Board as provided in section 23081 of the Business and Professions Code, but instead proceeded from the decision directly to the superior court. The demurrer was sustained on the ground that appellants had failed to exhaust their administrative remedy.

Appellants contend that they had an alternative statutory remedy of judicial review and that the doctrine of exhaustion of administrative remedy has no application.

---

*Assigned by Chairman of Judicial Council.

■ The contention presents the question: May a liquor licensee seek a court review of a decision of the Department of Alcoholic Beverage Control Board revoking a license without first appealing to the Alcoholic Beverage Control Appeals Board?

The question has been decided adversely to appellants' contention in *Hollywood Circle, Inc.* v. *Department of Alcoholic Beverage Control,* 153 Cal.App.2d 523 [314 P.2d 1007], and in *Fiscus* v. *Department of Alcoholic Beverage Control,* 155 Cal. App.2d 234 [317 P.2d 993], in each of which cases a like question was presented. In the Hollywood Circle case, *supra,* the court said:

"Referring to Hollywood Circle's final contention that it had the right to appeal under Government Code, section 11523, without appealing to the Appeals Board of the Department of Alcoholic Beverage Control. Examination of the constitutional and code provisions as to liquor control refutes this contention. The applicable part of the Constitution is as follows: '. . . When any person aggrieved thereby appeals from a decision of the department . . . revoking any license . . . the board shall review the decision subject to such limitations as may be imposed by the Legislature.' (Const., art. XX, § 22.)

"Pursuant to this constitutional power, the Legislature enacted section 23081 of the Business and Professions Code, with its requirement that an aggrieved person had 40 days in which to appeal from a decision of the department."

And in the Fiscus case, *supra,* after quoting the language which we have quoted from the Hollywood Circle case, the court had this to say:

"Where an administrative remedy is provided by statute, relief must be sought from the administrative body, and this remedy must be exhausted before the courts will act. (*Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 292 [109 P.2d 942, 132 A.L.R. 715].) Exhaustion of administrative remedies is a jurisdictional prerequisite to resort to the courts. (*Abelleira* v. *District Court of Appeal, supra,* p. 293; *United States* v. *Superior Court,* 19 Cal.2d 189, 194 [120 P.2d 26].) The doctrine of exhaustion of administrative remedies applies where a statute provides an administrative remedy, even though the terms of the statute do not make the exhaustion of the remedy a condition of the right to resort to the courts. (*First Nat. Bank* v. *Board of County Comrs.,* 264 U.S. 450 [44 S.Ct. 385, 68 L.Ed. 784, 788-789].) The doctrine, when-

ever applicable, requires not merely the initiation of prescribed administrative procedures; it requires pursuing them to their appropriate conclusion and awaiting their final outcome before seeking judicial intervention. [Citing many cases.]''

Applying the rule laid down in the Hollywood Circle case and the Fiscus case, we conclude that the judgment in the instant case must be affirmed.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.