Filed 4/4/25  Dehn v. Cosgrove CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| OLIVIA DEHN et al., | C098877 |
| Plaintiffs and Appellants, | (Super. Ct. No. STKCVUPI20200009385) |
| v. | |
| MARIAN COSGROVE, | |
| Defendant and Respondent. | |

After a dog attacked them, Olivia Dehn and her daughter Olivianna Dehn (together, appellants) sued three individuals—Marian Cosgrove, Shawndell Cosgrove[1] (Marian's daughter), and Kayla Higuera (Marian's granddaughter).  Appellants alleged that all three owned the dog and were liable for the dog's conduct.  Marian later moved for summary judgment.  In her motion, she acknowledged that she owned the property where the attack occurred.  But she presented evidence showing that she did not own the

---

[1] Because some of the parties share the same surname, we will refer to them by their first names.  No disrespect is intended.

1

dog, did not know the dog was being kept at the property, and lived on another property about 90 miles away. The trial court granted Marian's motion and entered judgment in her favor.

Seeking reversal, appellants raise three arguments on appeal. First, they argue that the trial court should have denied Marian's motion because her evidence was not credible. Next, they argue that the trial court wrongly denied their request for a continuance to allow for further discovery. Lastly, they argue that the trial court wrongly excluded some of their evidence in opposition to Marian's motion for summary judgment. We affirm.

BACKGROUND

Appellants sued Marian, Shawndell, and Higuera after a dog attacked appellants on a property Marian owned in Stockton (the Stockton property). Appellants alleged that in late 2018 the dog bit Oliviana and then bit Olivia when she tried to help, leaving Oliviana, who was then five years old, with multiple facial fractures and complex facial lacerations. Appellants further alleged that Marian, Shawndell, and Higuera together owned the dog.

Appellants raised two causes of action. In the first, for strict liability, they asserted that Marian, Shawndell, and Higuera were all strictly liable for the dog's actions. In the second, for negligence and premises liability, they asserted that Marian, Shawndell, and Higuera were all liable because of their negligent acts or omissions.

As a part of appellants' suit, the trial court appointed one of Marian's daughters— Eve Monroe—as Marian's guardian ad litem. It did so after finding Marian lacked legal capacity to make decisions. (See Code Civ. Proc., § 372, subd. (a).)[2] Marian afterward generally denied the allegations in appellants' complaint and then moved for summary

---

[2] Undesignated statutory references are to the Code of Civil Procedure.

2

judgment. In her motion, she argued that she could not be held liable on a strict liability theory, because she was not the dog's owner and, under Civil Code section 3342, strict liability only extends to a dog's owner. She further argued that she could not be held liable on a negligence theory, because she did not know the dog was being kept at the Stockton property.

In support of her summary judgment motion, Marian submitted declarations from three relatives—Monroe, Gwen Lumbre (another of Marian's daughters), and Higuera. Monroe and Lumbre said Marian bought the Stockton property in 2009 for Shawndell to have a place to live. Monroe, Lumbre, and Higuera then said Marian was 83 years old, had dementia, and lived about 90 miles from the Stockton property. All three also said Higuera bought the dog in 2016, took the dog to a shelter on August 8, 2017, after struggling to find a place to keep it, and later retrieved the dog from the shelter and brought it to the Stockton property without Marian's knowledge. All three further said, among other things, that Marian did not know Higuera kept the dog at the Stockton property and did not visit the Stockton property between August 8, 2017, and the date when the dog attacked appellants.

Appellants opposed the motion. They argued Marian's knowledge about the dog could not be resolved on summary judgment and challenged the credibility of Marian's witnesses. Citing no supportive evidence, they further claimed Marian owned the dog. At the end of their brief, they argued that they presented sufficient facts to preclude summary judgment; but if the court disagreed and found inadequate facts to show Marian had notice of the dog's vicious propensities, they asked the court to grant a continuance to allow further discovery on the topic, including to conduct depositions and to obtain records from San Jose Animal Care and Services about the dog's violent history.

Shortly after, appellants filed a supplemental declaration with records they obtained from San Jose Animal Care and Services. According to these records, the dog that attacked appellants was previously taken to an animal shelter on August 8, 2017,

3

because it bit another dog and the dog's owner. The records state that Higuera owned the dog and told authorities that the dog had earlier bitten her arm (leaving a large scar) and another dog. The records also state that following the attack on August 8, 2017, Shawndell sought to collect the dog from the shelter. She purportedly claimed the dog as her own, said her sister and Marian surrendered the dog to the shelter following the attack, and said she planned to take the dog to the Stockton property. The records indicate that at the time of the attack, Higuera kept the dog at Marian's home in Los Gatos—where Marian herself lived.

The trial court granted Marian's motion. At the start, it denied appellants' request for a continuance, finding, among other things, that appellants failed to show "how additional discovery would change the outcome." The court reasoned that even if appellants obtained records showing Marian knew the dog was dangerous, that would not "show that [Marian] knew the dog was being kept at her Stockton property." The court then found appellants' two causes of action failed as a matter of law. It found their first cause of action, based on strict liability, failed because the uncontradicted evidence showed that Marian did not own the dog. It further found their second cause of action, based on negligence and premises liability, failed because the uncontradicted evidence showed that Marian did not own the dog and did not know the dog was being kept at the Stockton property. The court acknowledged that appellants challenged the credibility of Marian's witnesses, but it found that insufficient to defeat summary judgment. It afterward entered judgment in Marian's favor. Appellants timely appealed.

DISCUSSION

I

*Witness Credibility*

Focusing first on their claim for negligence and premises liability, appellants challenge the trial court's finding that Marian did not know the dog was being kept at the Stockton property. They contend a triable issue of material fact exists on this topic

4

because Marian's witnesses—Monroe, Lumbre, and Higuera—all lacked credibility. We reject their argument, finding their challenge to the witnesses' credibility insufficient to defeat summary judgment.

We start with the general standards for summary judgment. A trial court may grant a motion for summary judgment "if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (§ 437c, subd. (c).) To make this showing, a moving defendant must show either that one or more elements of the plaintiff's causes of action cannot be established or that there is a complete defense to the plaintiff's case. (*Id.*, subd. (p)(2).) If the defendant meets this initial burden, the burden then shifts to the plaintiff to show that at least one factual issue exists that is both material and triable. (*Ibid.*) A factual issue is material if it could make a difference in the disposition of the motion (Cal. Rules of Court, rule 3.1350(a)(2)), and it is triable if "the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof" (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 845).

In this case, Marian met her initial burden to show her entitlement to judgment as a matter of law. To succeed on their claim for negligence and premises liability, appellants needed to show, among other things, that Marian knew the dog was being kept at the Stockton property. (*Uccello v. Laudenslayer* (1975) 44 Cal.App.3d 504, 507.) But in her papers for summary judgment, Marian supplied evidence showing she lacked this knowledge. According to Monroe, Higuera, and Lumbre, Marian had no knowledge that the dog was being kept at the Stockton property until well after the attack—and while appellants objected at the trial level that Monroe lacked a foundation to make this statement, they did not object to Higuera's and Lumbre's identical statements to this effect. (*People v. Houston* (2012) 54 Cal.4th 1186, 1213-1214 [objection based on lack of foundation forfeited "by not objecting at trial"].) Monroe, Higuera, and Lumbre also

5

said that Higuera brought the dog to the Stockton property without Marian's knowledge and that Marian did not visit the property between this date and the date the dog attacked appellants.

With this evidence, Marian shifted to appellants the burden to show that a triable issue of one or more material facts existed. (§ 437c, subd. (p)(2).) In attempting to make this showing, appellants never presented any affirmative evidence showing that Marian knew the dog resided at the Stockton property. They instead presented evidence undermining Monroe's, Higuera's, and Lumbre's claims on other topics, which generally casts doubt on their credibility. Higuera asserted, for instance, that the dog had never been involved in a prior incident. And Higuera, Lumbre, and Monroe all suggested that Higuera took the dog to an animal shelter on August 8, 2017, because Higuera "had difficulty finding a place to keep the subject dog on a permanent basis." But none of that appears to be true. According to records from San Jose Animal Care and Services, the dog was taken to an animal shelter on August 8, 2017, because it bit another dog and the dog's owner. Per these records, moreover, Higuera told authorities that the dog previously bit her arm and another dog. As appellants argue, these records are inconsistent with some of Monroe's, Higuera's, and Lumbre's claims and cast serious doubts on their credibility.

Still, "[s]ummary judgment generally cannot be denied based on lack of credibility alone." (*Richards v. Department of Alcoholic Beverage Control* (2006) 139 Cal.App.4th 304, 319.) Per section 437c, subdivision (e), "If a party is otherwise entitled to summary judgment pursuant to this section, summary judgment shall not be denied on grounds of credibility or for want of cross-examination of witnesses furnishing affidavits or declarations in support of the summary judgment, except that summary judgment may be denied in the discretion of the court if the only proof of a material fact offered in support of the summary judgment is an affidavit or declaration made by an individual who was the sole witness to that fact; or if a material fact is an individual's state of mind, or lack

6

thereof, and that fact is sought to be established solely by the individual's affirmation thereof." Absent one of these two exceptions, then, "summary judgment shall not be denied on grounds of credibility." (§ 437c, subd. (c).)

We find this provision fatal to appellants' position here. In arguing otherwise, appellants invoke the second exception described in section 437c, subdivision (e). That exception, again, grants a trial court discretion to deny summary judgment "if a material fact is an individual's state of mind, or lack thereof, and that fact is sought to be established solely by the individual's affirmation thereof." (§ 437c, subd. (e).) But by its plain terms, this exception applies only when the individual whose state of mind is in dispute is the same individual supplying the "sole[] . . . affirmation" on this topic. (*Ibid.*) That is because the exception refers to "*an* individual's state of mind, or lack thereof," and then mentions "*the* individual's affirmation" on this topic. (*Ibid.*, italics added.) The reference to *the* individual plainly means the same individual referenced earlier. (*Butcher v. Gay* (1994) 29 Cal.App.4th 388, 399, fn. 3 ["subdivision (e) of the summary judgment statute expressly confers upon the judge hearing the motion the discretion to credit or not to credit the declaration of an individual about the individual's *own* state of mind" (italics added)]; see also *Davis v. Michigan Dept. of Treasury* (1989) 489 U.S. 803, 809 ["reference to '*the* pay or compensation' in the last clause of [a statute] must, in context, mean the same "pay or compensation" defined in the first part of the section"].)

Understood this way, this exception provides no help to appellants. The relevant fact at issue here, to be sure, concerns "an individual's state of mind, or lack thereof" (§ 437c, subd. (e))—namely, whether Marian knew the dog resided at the Stockton property before the attack. But Marian did not seek to establish that fact "solely by [her own] affirmation thereof." (*Ibid.*) She instead sought to establish this fact with declarations from Monroe, Higuera, and Lumbre, all three of whom said Marian did not know that the dog was being kept at the Stockton property. And Higuera, at least, had reason to know Marian's state of mind on this topic. She would have known, for

7

instance, if she had informed Marian about her bringing the dog to the Stockton property. She would have reason to know, too, if Marian had ever visited the Stockton property following the dog's arrival at the property. And while Higuera's credibility may have been suspect, appellants could not, under section 437c, subdivision (e), defeat summary judgment on grounds of credibility alone. But that is all they have sought to do here.

Seeking a contrary ruling, appellants claim one case—*Donchin v. Guerrero* (1995) 34 Cal.App.4th 1832—favors their position. *Donchin* is another dog bite case, where two dogs attacked a person walking by. The victim afterward sued the dogs' owner and the owner's landlord. (*Id.* at p. 1835.) Seeking to avoid liability, the landlord initially denied knowing the dogs existed and denied allowing his tenant to house them at the property. But once the victim uncovered facts showing otherwise, the landlord made a different claim—he denied knowing the dogs were vicious and moved successfully for summary judgment on that basis. (*Id.* at pp. 1835-1837, 1841.) The Court of Appeal reversed. It concluded that the landlord's earlier false claims undermined his credibility and that the victim's evidence "suggest[ed] the landlord indeed possessed, or must have possessed, knowledge about the [dogs'] propensities." (*Id.* at pp. 1839-1843.)

In appellants' telling, the case here "is directly in line with *Donchin*." But it is not, for at least two reasons. First, the *Donchin* court never applied (nor had reason to apply) section 437, subdivision (e). The victim there, again, provided evidence "suggesting the landlord indeed possessed, or must have possessed, knowledge about the [dogs'] propensities." (*Donchin*, *supra*, 34 Cal.App.4th at p. 1843.) She even "presented three declarations containing affirmative evidence [the landlord] had actual knowledge of the two [dogs'] vicious propensity." (*Ibid.*) So unlike appellants here, the victim in *Donchin* did not merely challenge the landlord's credibility; she also presented affirmative evidence tending to show the landlord's knowledge of the dogs and their viciousness. Second, even setting all that aside, *Donchin* involves the very scenario when the second exception in section 437c, subdivision (e) could apply—that is, when "a

8

material fact is *an* individual's state of mind, or lack thereof, and that fact is sought to be established solely by *the* individual's affirmation thereof." (Italics added.) But again, that is not the scenario before us.

Appellants offer two other arguments concerning Marian's evidence. They first suggest that Marian's motion should have been denied because she failed to submit her own declaration. But we find their argument forfeited for multiple reasons. To start, we find the argument forfeited because appellants offer no reasoning or legal citation to support it. (*Tellez v. Rich Voss Trucking, Inc.* (2015) 240 Cal.App.4th 1052, 1066 ["When an appellant asserts a point but fails to support it with reasoned argument and citations to authority, we treat the point as forfeited"].) We also find the argument forfeited because appellants raise it under a heading purporting to deal with a different topic—namely, "the credibility issues [Marian's] evidence presented." (Capitalization & boldface omitted.) (*Dinslage v. City and County of San Francisco* (2016) 5 Cal.App.5th 368, 377, fn. 3 ["we may disregard assertions or contentions not raised in a properly headed argument"].)

Appellants next suggest that Marian's motion should been denied for another reason—because Monroe's, Higuera's, and Lumbre's declarations failed to establish the requisite foundation to show they could speak to Marian's knowledge of the dog. But again, we find appellants' argument forfeited for multiple reasons. Similar to before, we find the argument forfeited because appellants raise it under a heading purporting to deal with a different topic—the credibility of Marian's witnesses. (*Dinslage v. City and County of San Francisco*, *supra*, 5 Cal.App.5th at p. 377, fn. 3.) We also find the argument forfeited because appellants failed to adequately raise their objection at the trial level. Again, while appellants objected that Monroe failed to establish the requisite foundation to show she could speak to Marian's knowledge, they never raised similar objections to Higuera's and Lumbre's identical statements on this topic at the trial level.

(*People v. Houston*, *supra*, 54 Cal.4th at pp. 1213-1214 [objection based on lack of foundation forfeited "by not objecting at trial"].)

## II

### *Continuance*

Appellants next contend the trial court wrongly denied their request for a continuance. We disagree.

Section 437c, subdivision (h) describes the general standard for a continuance for a motion for summary judgment. It states: "If it appears from the affidavits submitted in opposition to a motion for summary judgment or summary adjudication, or both, that facts essential to justify opposition may exist but cannot, for reasons stated, be presented, the court shall deny the motion, order a continuance to permit affidavits to be obtained or discovery to be had, or make any other order as may be just. . . ."

Appellants invoked this provision in their opposition to Marian's summary judgment motion. They argued that they presented sufficient facts to preclude summary judgment; but if the court disagreed and found inadequate facts to show Marian had "notice of [the dog's] vicious propensities," they asked the court to grant a continuance to allow further discovery on the topic, including to conduct depositions and obtain records from San Jose Animal Care and Services. Appellants also submitted a declaration from their attorney, who discussed his conversations with San Jose Animal Care and Services and his efforts to obtain records about an earlier biting incident from August 2017—which he ultimately obtained and provided to the court.

Considering appellants' reason for seeking a continuance, we cannot say the trial court erred in failing to grant it. Appellants sought a continuance only if the trial court would otherwise grant the summary judgment motion and only to obtain facts showing Marian had "notice of [the dog's] vicious propensities." But even supposing Marian had notice of the dog's vicious propensities, the trial court still would have found summary judgment appropriate because, as it said, Marian presented uncontradicted facts showing

10

she did not know the dog was being kept at the Stockton property. So even if appellants received the continuance they sought and obtained evidence showing the dog's vicious tendencies, that would not have changed anything. On these facts, the trial court had no reason to grant the continuance.[3]

## III

### *Excluded Evidence*

Lastly, appellants contend the trial court wrongly sustained Marian's objections to two pieces of their evidence. The first is a report from the San Joaquin County Sheriff's office about the dog's attack of appellants. The second is a declaration from appellants' counsel, in which their counsel relayed his conversation with San Jose Animal Care and Services staff about the dog's prior attack of another person in August 2017. We find no reversible error.

Starting with the sheriff's office report, appellants contend the trial court wrongly excluded the report based on the hearsay rule—which generally makes hearsay (i.e., out-of-court statements offered to prove the truth of the matter asserted) inadmissible. (Evid. Code, § 1200.) They argue the court should have found the hearsay rule inapplicable under Evidence Code section 1280, which exempts certain public records from the hearsay rule. But even assuming that is true, appellants have not argued that the exclusion of this report was prejudicial. They never even discuss the report's relevance. So they have not met their burden to show that the exclusion of this report, even if in error, requires reversal. (Cal. Const., art. VI, § 13 ["No judgment shall be set aside . . . on the ground . . . of the improper admission or rejection of evidence . . . unless, after an

---

[3] The trial court also suggested it denied the requested continuance for another reason: Appellants provided "no explanation whatsoever for their lack of diligence in securing the deposition testimony they seek." But we need not consider this separate potential ground for the denial.

11

examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."].)

Turning to the declaration from appellants' counsel, appellants contend the trial court wrongly excluded this declaration too. But they never explain why. They note that the court sustained Marian's objection to the declaration "as it pertains to the information he received regarding the August 8, 2017, attack." They note too that they afterward obtained and submitted a report from San Jose Animal Care and Services discussing this same attack. They then oddly argue why this report—which the court admitted into evidence—should have been admitted into evidence. Because appellants offer no reasoning to support their claim that the trial court improperly excluded the declaration, we find their claim forfeited. (*Tellez v. Rich Voss Trucking, Inc.*, *supra*, 240 Cal.App.4th at p. 1066 ["When an appellant asserts a point but fails to support it with reasoned argument and citations to authority, we treat the point as forfeited"].)

## DISPOSITION

The judgment is affirmed. Marian is entitled to recover her costs on appeal. (Cal. Rules of Court, rule 8.278(a).)

/s/
BOULWARE EURIE, J.

We concur:


/s/
KRAUSE, Acting P. J.


/s/
WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.