**BANK OF LAKE TAHOE; Joseph Bourdeau, Plaintiffs–Appellants,**

v.

**The BANK OF AMERICA; State of Nevada, Financial Institutions Division; Robert Geerhart, Defendants–Appellees.**

**No. 01–16239.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2002.

Filed Jan. 29, 2003.

As Amended on Denial of Rehearing and Rehearing En Banc March 14, 2003.

---

Marie Mirch and Kevin J. Mirch, Reno, NV, for the plaintiffs-appellants.

Frankie Sue Del Papa, Attorney General, and Mark J. Krueger, Deputy Attorney General, Carson City, NV, for State of Nevada, Financial Institutions Division, and Robert Geerhart, defendants-appellees.

Before McKEOWN and PAEZ, Circuit Judges, and POLLAK, District Judge.*

## OPINION

McKEOWN, Circuit Judge.

We consider in this case whether the state of Nevada waived its Eleventh Amendment immunity by removing a law-

---

* Honorable Louis H. Pollak, Senior United States District Court Judge for the Eastern District of Pennsylvania, sitting by designation.

suit from state to federal court. We address this question only in the context of claims brought under state law because no valid federal claims have been brought against Nevada. Bound by the Supreme Court's recent decision in *Lapides v. Board of Regents,* 535 U.S. 613, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002), which squarely addressed this issue, we conclude that Nevada waived its immunity from the state-law claims by joining in the removal of the case to federal court.

## I. BACKGROUND

This appeal arises out of Joseph Bourdeau's ("Bourdeau") efforts to charter a new financial institution, Bank of Lake Tahoe ("BLT"), following his forced resignation from Bank of America, N.A. ("Bank of America").

Bourdeau is a former manager of Bank of America's Incline Village branch in Nevada. Based on an investigation that revealed numerous violations of internal policy, Bourdeau was forced to resign. He then applied to the Federal Deposit Insurance Corporation ("FDIC") and the State of Nevada Financial Institutions Division ("FID") for approval to organize and operate a new bank, BLT. After investigating Bourdeau and reviewing his application, the FDIC and the FID, through Robert Geerhart ("Geerhart"), its Senior Supervising Examiner, concluded that Bourdeau could not serve as an officer or director of the new bank. Although Bourdeau was not authorized to serve in an executive capacity, BLT was chartered and eventually merged with another institution, Nevada Banking Company.

Following this unfavorable outcome, Bourdeau filed suit in Nevada state court against Bank of America and several of its employees, claiming, among other things, slander, interference with contractual relations, and misrepresentation. Bourdeau did not succeed on most of the claims, and the Nevada Supreme Court, on appeal, reversed the jury verdict in his favor on the interference claim. Not content to await retrial, which would ultimately result in a $2,300,000 judgment in his favor, Bourdeau, along with BLT, filed another action in state court claiming that additional conduct violated his rights. Bank of America was again named a defendant, along with the FID and Geerhart. As against the two state defendants, Bourdeau and BLT, both citizens of Nevada, alleged numerous violations of state law as well as federal constitutional violations under 42 U.S.C. § 1983 and the Equal Protection Clause.

Bank of America filed a Notice of Removal to federal court, in which the FID and Geerhart affirmatively joined. The district court granted Bank of America's motions for summary judgment and for attorney's fees[1] and dismissed the claims against the FID and Geerhart on the basis of Eleventh Amendment immunity, specifically holding that Nevada had not waived its immunity by joining in the removal of the case to federal court.

## II. DISCUSSION

The Eleventh Amendment provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The amendment has been construed to extend to suits brought by a state's own citizens, *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890), and the immunity it provides ex-

---

1. The appeal of the summary judgment and attorney's fees orders with respect to Bank of America is addressed in a separately filed Memorandum Disposition. *Bank of Lake Tahoe v. Bank of America,* 2003 WL 187214 (9th Cir.2003).

tends to state agencies. *See Hibbs v. Dep't of Human Res.*, 273 F.3d 844, 850 (9th Cir.2001) (citing *Fla. Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 684, 102 S.Ct. 3304, 73 L.Ed.2d 1057 (1982)).

■ Although a state is free to waive its Eleventh Amendment immunity by consenting to suit, the test for waiver is " 'a stringent one.' " *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999) (quoting *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985)). A state waives its immunity when it " 'voluntarily invokes' " federal jurisdiction or "makes a 'clear declaration' that it intends to submit itself to [federal] jurisdiction." *Schulman v. California (In re Lazar)*, 237 F.3d 967, 976 (9th Cir.2001) (quoting *Coll. Sav. Bank*, 527 U.S. at 675–76, 119 S.Ct. 2219).

The precise contours of Eleventh Amendment waiver were not exactly crystal clear at the time the district court issued its decision in this case, nor had our circuit addressed the issue in the context of a voluntary removal from state court to federal court. *See, e.g., Hill v. Blind Indus. & Servs. of Md.*, 179 F.3d 754, 758–59 (9th Cir.1999) ("[W]e have not had occasion to address the issue."). Other circuit courts were divided on the issue. *Compare, e.g., McLaughlin v. Bd. of Trustees of State Colls. of Colo.*, 215 F.3d 1168, 1171 (10th Cir.2000) (removal waives immunity) *with Estate of Porter ex rel. Nelson v. Illinois*, 36 F.3d 684, 690–91 (7th Cir.1994) (removal does not waive immunity).

■ Any uncertainty fell by the wayside last year when the Supreme Court held, in *Lapides v. Board of Regents*, 535 U.S. 613, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002), that, at least for purposes of state law claims, a state waives its immunity to suit in a federal court when it removes a case

from state court. The Court reasoned that, although a state may be brought involuntarily into a state court proceeding as a defendant, the state "voluntarily invoke[s] the federal court's jurisdiction" by voluntarily agreeing to remove the case to federal court. *Id.* at 1644. Important for our purposes here, however, the Supreme Court limited its holding in *Lapides* to the "context of state-law claims, in respect to which the State has explicitly waived immunity from state-court proceedings." *Id.* at 1643. The Court concluded that no federal claim survived because the only federal cause of action was a claim against the state of Georgia and its officials under 42 U.S.C. § 1983, and a state is not a "person" for purposes of § 1983 liability. *See id.* (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)). The Court did not address the scope of waiver by removal where a cognizable federal claim had been brought. *Lapides*, 122 S.Ct. at 1643.

■ We too find it unnecessary to reach the question whether removal of federal claims abrogates a state's Eleventh Amendment immunity. Here, paralleling *Lapides*, the plaintiffs have asserted constitutional violations against a state agency and a state official pursuant to 42 U.S.C. § 1983. The complaint alleges three causes of action against the FID and Geerhart under federal law: a claim for monetary relief for constitutional violations under § 1983; a claim for declaratory and injunctive relief against application of the state banking laws on constitutional grounds; and a claim for monetary relief for "equal protection" violations. Bourdeau and BLT do not articulate the basis for the latter two causes of action, but because "a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983," *Azul–Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir.1992), we construe these allegations under the umbrella of § 1983.

■ The constitutional claims for monetary relief fail under the well-established principle reiterated in *Lapides*: A state and its officials acting in their official capacities are not considered "persons" within the meaning of § 1983.[2] *See Lapides*, 122 S.Ct. at 1643; *Will*, 491 U.S. at 71, 109 S.Ct. 2304. There remains, however, the question whether Bourdeau and BLT have alleged a cognizable federal claim against Geerhart for injunctive relief.[3] As the Supreme Court explained in *Will*, "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" 491 U.S. at 71 n. 10, 109 S.Ct. 2304 (citing *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Ex parte Young*, 209 U.S. 123, 159–60, 28 S.Ct. 441, 52 L.Ed. 714 (1908)).

■ The district court held that Bourdeau and BLT lacked standing to seek prospective injunctive relief.[4] We agree. An award of prospective injunctive relief requires the plaintiff to demonstrate a reasonable likelihood of future injury. *See Kruse v. Hawaii*, 68 F.3d 331, 335 (9th Cir.1995); *see also Sample v. Johnson*, 771 F.2d 1335, 1340 (9th Cir.1985) ("[P]laintiffs must demonstrate that a 'credible threat' exists that they will again be subject to the specific injury for which they seek injunctive or declaratory relief." (quoting *Kolender v. Lawson*, 461 U.S. 352, 355 n. 3, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983))). Nothing has been alleged from which we can conclude that either Bourdeau or BLT face a likely threat of future injury. The only injunctive relief sought against Geerhart is a request to "prohibit any discipline" being imposed on Bourdeau and BLT. This amorphous request for future blanket protection does not meet the "credible threat" requirement. Bourdeau makes no allegation of any threatened discipline against him. Nor does the complaint contain any allegations of ongoing or threatened discipline against BLT or the financial institution into which it has merged. No bank charter application or other petition remains pending before the FID or Geerhart. Putting all of this together, we conclude that Bourdeau and BLT have no viable federal claims.

2. We agree with the district court that Bourdeau and BLT do not allege a § 1983 claim for damages against Geerhart in his individual capacity.

3. The only equitable relief sought relates to Geerhart's conduct in carrying out the functions of his office, thus amounting to a suit against the state. Consequently, we treat the claims against him as being brought in his official capacity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (stating that the " 'general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter.'" (quoting *Hawaii v. Gordon*, 373 U.S. 57, 58, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963))).

4. Bourdeau and BLT assert that they have also brought a claim for retrospective declaratory and injunctive relief. However, the only relief sought in this regard is duplicative of the claim for prospective relief and for damages. They cannot escape the restrictions on prospective injunctive relief simply by giving the claims a new moniker. *See Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1140 (2000) (en banc) (refusing to find credible threat of injury where there was "no specific threat or even hint of future enforcement or prosecution"); *see also Cardenas v. Anzai*, 311 F.3d 929, 936 (9th Cir.2002) ("[W]hen there is no ongoing violation, 'the issuance of a declaratory judgment ... would have much the same effect as a full-fledged award of damages or restitution' and is barred." (quoting *Green v. Mansour*, 474 U.S. 64, 73, 106 S.Ct. 423, 88 L.Ed.2d 371 (1986))).

We are thus left, as in *Lapides*, with only state-law claims. And, as in *Lapides*, Nevada's "action joining the removing of this case to federal court waived its Eleventh Amendment immunity...." 122 S.Ct. at 1646. We therefore reverse and remand those claims to the district court, recognizing that "the District Court may well find that this case, now raising only state-law issues, should nonetheless be remanded to the state courts for determination." *Id.*

**REVERSED AND REMANDED.**