**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| 'ISILELI TUPOU MANA'IA MATAELE, | No. 09-56364 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-01618-LAB-RBB |
| v. | |
| DIANE NUNN, Director, the Center for Families, Children & the Courts for the State of California; DEBBIE ALLEN-PRESCOTT, Mediator, San Diego County Family Court Services, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted January 17, 2012[**]

Before:    LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

'Isileli Tupou Mana'ia Mataele, an attorney, appeals pro se from the district

court's judgment dismissing his action alleging claims under 42 U.S.C. § 1983,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Title II of the Americans with Disabilities Act ("ADA"), Title VI, and state law.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Milstein v.*
*Cooley*, 257 F.3d 1004, 1007 (9th Cir. 2001). We may affirm on any ground
supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir.
2008). We affirm.

The district court properly dismissed Mataele's claims against defendant
Nunn for failure to train and supervise defendant Allen-Prescott because Nunn and
Allen-Prescott worked for different state entities. *See Jeffers v. Gomez*, 267 F.3d
895, 915 (9th Cir. 2001) (per curiam) (a supervisor may be liable under § 1983
only if there is a sufficient causal connection between the supervisor's wrongful
conduct and the constitutional violation, or she is personally involved in the
constitutional deprivation). Moreover, Mataele could not obtain any relief from
Nunn in her official capacity. *See Bank of Lake Tahoe v. Bank of Am.*, 318 F.3d
914, 918 (9th Cir. 2003) (the Eleventh Amendment bars § 1983 actions for
damages or retrospective injunctive relief against state officials in their official
capacities; prospective injunctive relief is not barred, but requires a credible threat
of future injury).

The district court properly dismissed Mataele's federal claims against Allen-
Prescott in her individual capacity on the basis of quasi-judicial immunity. *See*

*Curry v. Castillo (In re Castillo)*, 297 F.3d 940, 948 (9th Cir. 2002) (quasi-judicial immunity protects nonjudicial officers who "perform official duties that are functionally comparable to those of judges").

The district court did not address Mataele's § 1983 claim against Allen-Prescott in her official capacity, but dismissal was proper as to this claim based on sovereign immunity. *See Bank of Lake Tahoe*, 318 F.3d at 918.

We do not consider other issues, including Mataele's ADA and Title VI claims against Allen-Prescott in her official capacity, because they were not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

09-56364