Filed 10/30/14  Beer v. Dept. Alcoholic Bev. Control CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| XIAM BEER,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL et al.,<br><br>Defendants and Respondents. | B251940<br>(Los Angeles County<br>Super. Ct. No. BC511535) |
| G. GREGORY WILLIAMS et al.,<br><br>Plaintiffs and Appellants,<br><br>v.<br><br>DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL et al.,<br><br>Defendants and Respondents. | B252749<br>(Los Angeles County<br>Super. Ct. No. BC511535) |

APPEAL in No. B251940 from orders of the Superior Court of Los Angeles County.  Robert S. Harrison, Commissioner.  Appeal dismissed as to June 25, 2013 order.  Affirmed as to September 20, 2013 order.

APPEAL in No. B252749 from a judgment and orders of the Superior Court of Los Angeles County. Joseph R. Kalin, Judge. Appeal dismissed as to October 11, 2013 and October 31, 2013 orders. Affirmed as to October 31, 2013 judgment.

_____

G. Gregory Williams and Plernpit Polpantu, in pro. per., for Plaintiff and Appellant in No. B251940.

G. Gregory Williams and Plernpit Polpantu, in pro. per., for Plaintiffs and Appellants in No. B252749.

Kamala D. Harris, Attorney General, Alicia M. B. Fowler, Assistant Attorney General, Jerald L. Mosley and Mark Schreiber, Deputy Attorneys General, for Defendants and Respondents Department of Alcoholic Beverage Control and Melissa Beach in Nos. B251940 and B252749.

No appearance for Defendants and Respondents RLR Investments, LLC; R & L Transfer, Inc.; and Michelle Walsh in No. B252749.

No appearance for Defendant and Respondent Morgan Imports, LLC in No. B252749.

_____

These two appeals are being considered together for purposes of oral argument and decision. In the first appeal, filed on October 9, 2013, Xiam Beer, a partnership, appeals from the June 25, 2013 order denying its fee waiver request and from the September 20, 2013 order striking it from the complaint due to nonpayment of fees. We dismiss that appeal as to the June 25, 2013 order denying the fee waiver request because it is not timely and affirm the September 20, 2013 order striking the complaint because Xiam Beer did not pay its fees. In the second appeal, filed on November 22, 2013, G. Gregory Williams and Pernplit Polpantu appeal from the judgment entered on October 31, 2013, after the trial court sustained without leave to amend the demurrer of the Department of Alcoholic Beverage Control (Department) and Melissa Beach. We conclude the demurrer was properly sustained and thus affirm the judgment. The

2

November 22, 2013 notice of appeal also references two nonappealable orders dated October 11, 2103 and October 31, 2013. We, therefore, dismiss that appeal to the extent it is from those orders.

## DISCUSSION

1. *The October 9, 2013 Appeal by Xiam Beer*

The October 9, 2013 notice of appeal is from (1) the June 25, 2013 order denying Xiam Beer's fee waiver request and (2) the September 20, 2013 order striking Xiam Beer from the complaint due to nonpayment of fees.[1]

As to the June 25, 2013 order denying Xiam Beer's fee waiver request, the notice of appeal is not timely. The order was entered on June 25, 2013, and a file-stamped copy indicating the date of service was personally served by the clerk of the court that day. Xiam Beer thus had 60 days from June 25, 2013 to appeal from the order, i.e., on or before August 26, 2013 (August 24, 2013 was a Saturday). (Cal. Rules of Court, rule 8.104(a)(1)(A) [party has 60 days to file a notice of appeal from service by the court clerk of a file-stamped copy of the judgment showing the date of service].) The notice of appeal was not filed within that period, but rather 44 days later on October 9, 2013. The notice of appeal, therefore, is not timely, and the appeal must be dismissed to the extent it is from the June 25, 2013 order denying Xiam Beer's fee waiver request. (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56 ["time for appealing a judgment is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal"].)

As to the September 20, 2013 order striking Xiam Beer from the complaint, the notice of appeal is timely, but the appeal is not meritorious. It is undisputed that Xiam Beer did not pay the fees necessitated by the denial of its fee waiver request, and its challenge to the denial of its fee waiver request is untimely. Accordingly, it has no basis to overturn the order striking it from the complaint due to nonpayment of fees, and the September 20, 2013 order striking Xiam Beer from the complaint is affirmed.

---

[1] The notice of appeal states that the order denying the fee waiver request was entered on or about July 25, 2013. The order was entered on June 25, 2013.

2.    *The November 22, 2013 Appeal by Williams and Polpantu*

The November 22, 2013 notice of appeal is from the judgment entered on October 31, 2013, after the trial court sustained without leave to amend the demurrer to the complaint of the Department and Beach.

In reviewing a judgment following the sustaining of a demurrer without leave to amend, we decide de novo whether the complaint states facts sufficient to state a cause of action.  (*Hoffman v. State Farm Fire & Casualty Co.* (1993) 16 Cal.App.4th 184, 189.)  We treat the demurrer as admitting all facts properly pleaded, but we do not assume the truth of contentions, deductions or conclusions of law.  (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865.)  We also consider judicially noticed material.  (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)  "[W]hen the allegations of the complaint contradict or are inconsistent with [judicially noticed] facts, we accept the latter and reject the former.  [Citations.]"  (*Blatty v. New York Times Co.* (1986) 42 Cal.3d 1033, 1040.)  "The judgment must be affirmed 'if any one of the several grounds of demurrer is well taken.  [Citations.]'  [Citation.]  However, it is error for a trial court to sustain a demurrer when the plaintiff has stated a cause of action under any possible legal theory.  [Citation.]"  (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967.)  If we agree the complaint does not state a cause of action, we review the trial court's denial of leave to amend for an abuse of discretion.  (*Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1381.)  The plaintiff has the burden to demonstrate that he can amend the complaint to cure the legal defects in the pleading.  (*Wilner v. Sunset Life Ins. Co.* (2000) 78 Cal.App.4th 952, 959.)

On June 7, 2013, Williams, Polpantu and Xiam Beer filed a complaint alleging causes of action against the Department and Beach for constructive fraud, interference with prospective economic advantage, wrongful eviction, breach of Government Code section 815.6, violation of 42 U.S.C. section 1983, intentional infliction of emotional distress and declaratory and injunctive relief.  They also alleged a cause of action against the Department for violation of Business and Professions Code section 17200.  All causes

4

of action related to the involuntary surrender of the beer and wine wholesale license held by Polpantu. That involuntary surrender was processed by the Department and specifically by Beach as an employee of the Department. According to the complaint's allegations and the facts of which the trial court took judicial notice, on September 25, 2012, the Department placed Polpantu's license on "surrender" status when it received information that Polpantu no longer was a tenant at the location specified in the license. A pending application exists for transfer of the license to Polpantu and Williams. On November 1, 2012, Polpantu appealed the involuntary surrender to the Department, which, on April 18, 2013, filed an order dismissing the appeal. Then, on May 13, 2013, Polpantu filed a writ petition in this Court seeking to overturn the Department's order dismissing the appeal. This Court summarily denied the petition on May 23, 2013, and the matter became final on that date. Nevertheless, the June 7, 2013 complaint followed.

Business and Professions Code section 23090.5 provides, "No court of this state, except the Supreme Court and the courts of appeal to the extent specified in this article, shall have jurisdiction to review, affirm, reverse, correct, or annul any order, rule, or decision of the [D]epartment or to suspend, stay, or delay the operation or execution thereof, or to restrain, enjoin, or interfere with the [D]epartment in the performance of its duties, but a writ of mandate shall lie from the Supreme Court or the courts of appeal in any proper case." This section provides for "judicial review of the orders, rules or decisions or other acts of the [D]epartment in the performance of its duties when acting in its administrative rather than in its limited judicial capacity," for which review is governed by Business and Professions Code section 23090. (*Samson Market Co. v. Kirby* (1968) 261 Cal.App.2d 577, 581.) According to Williams and Polpantu, their complaint "challenges the legality of th[e] de facto revocation and state enforcement of an unlawful eviction. This core set of ultimate facts is specifically [pleaded], incorporated by reference and forms the factual basis for each of the . . . causes of action directed against" the Department and Beach. (Italics omitted.) This is the same type of challenge pursued in the writ petition filed by Polpantu, which Williams and Polpantu concede was based on Business and Professions Code section 23090.5. This Court summarily denied

5

that petition.  As a result, the demurrer properly was sustained on the ground that the trial court lacked jurisdiction over the complaint.  Jurisdiction was with this Court or the Supreme Court, and relief was sought in and denied by this Court.

Williams and Polpantu then contend that their complaint is something more than a challenge under Business and Professions Code section 23090.5 because it seeks damages against the Department and Beach based on "administrative malfeasance."  Even if this were the case, the Department and Beach are immune from liability for the causes of action asserted against them.

"The Tort Claims Act provides that a public entity is not liable for an injury '[e]xcept as otherwise provided by statute' (Gov. Code, § 815).  [Citation.]  The purpose of the Tort Claims Act is not to expand the grounds for public entity liability, but to restrict those grounds to ""'rigidly delineated circumstances.'""  [Citation.]  Under the Tort Claims Act, public employees generally are liable for injuries caused by their acts or omissions to the same extent as private persons.  (Gov. Code, § 820, subd. (a).)  A public entity is vicariously liable for an injury proximately caused by an act or omission of its employee within the scope of employment if the act or omission would give rise to a cause of action against the employee.  (Gov. Code, § 815.2, subd. (a).)  But a public entity is not vicariously liable if the employee is immune from liability.  (*Id.*, subds. (a), (b)). [¶] A public employee acting within the scope of employment is immune from liability for an injury caused by the employee's 'instituting or prosecuting any judicial or administrative proceeding . . . even if he acts maliciously and without probable cause.' (Gov. Code, § 821.6.)  Courts liberally construe 'administrative proceeding' to include investigatory and other activities in preparation for more formal proceedings.  [Citation.]"  (*Richards v. Department of Alcoholic Beverage Control* (2006) 139 Cal.App.4th 304, 317-318 (*Richards*).)  Beach's actions to effect an involuntary surrender of Polpantu's license fall within this scope of immunity, thereby immunizing her and the Department (Gov. Code, § 815.2, subd. (b)) from liability for injury alleged by Williams and Polpantu.

6

"Moreover, a public entity is immune from liability for an injury caused by the suspension, revocation, issuance, or denial of a license if the public entity is authorized by law to determine whether the license should be suspended, revoked, issued, or denied. (Gov. Code, § 818.4.) The same immunity also applies to a public employee (*id.*, § 821.2) and extends to the employer by virtue of section 815.2, subdivision (b). The immunity applies only to discretionary activities. [Citations.] The Department enjoys broad discretion with regard to licensing decisions. [Citations.]" (*Richards*, *supra*, 139 Cal.App.4th at p. 318, fns. omitted.) To the extent Williams and Polpantu maintain that the involuntary surrender of the license issued to Polpantu in effect constituted a suspension of the license and that the Department has failed to act on the license transfer to Williams and Polpantu, they suggest an abuse of the Department's licensing discretion, a decision for which the Department and Beach are immune. (See *ibid*. [public entity immune from common law counts relating to suspension of license, including causes of action for interference with prospective economic advantage and intentional infliction of emotional distress].)

Williams and Polpantu claim their cause of action for breach of a mandatory duty as specified in Government Code section 815.6 survives the immunity statutes. That section provides, "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty." It thus applies to mandatory, not discretionary, duties. (*County of Los Angeles v. Superior Court* (2002) 102 Cal.App.4th 627, 638-639.) The complaint, however, relates to the Department's discretion with respect to Polpantu's license. To the extent the complaint contains allegations regarding the Department's exercise of that discretion, those are matters that were at issue in the administrative proceedings, which ultimately concluded with this Court's denial of the writ petition pursuant to Business and Professions Code section 23090.5. Moreover, Williams and

7

Polpantu have not established that a private right of action for damages exists based on the exercise of such discretion.

Williams and Polpantu also claim that their cause of action for violation of 42 U.S.C. section 1983 survives the immunity statutes. But, as noted on demurrer, Beach was acting in her official capacity as an employee of the Department when she invoked the involuntary surrender of Polpantu's license. Williams and Polpantu do not allege otherwise. Neither a state agency nor its employee is a "person" subject to damages under 42 U.S.C. section 1983 based on an employee's acts in his or her official capacity. (*Bank of Lake Tahoe v. Bank of America* (9th Cir. 2003) 318 F.3d 914, 918 [neither state nor employees acting in official capacity are "persons" for purposes of damages under 42 U.S.C. § 1983], citing *Will v. Michigan Dept. of State Police* (1989) 491 U.S. 58, 66-67, 71 and *Lapides v. Board of Regents* (2002) 535 U.S. 613, 617.) As a result, sustaining the demurrer was proper.[2]

In addition to the substantive ruling on the demurrer, Williams and Polpantu maintain the award of $990 in costs to the Department and Beach pursuant to Government Code section 6103.5 is erroneous because neither the Department nor Beach filed a memorandum of costs. Government Code section 6103 provides, "Neither the state nor any county, city, district, or other political subdivision, nor any public officer or body, acting in his official capacity on behalf of the state, or any county, city, district, or other political subdivision, shall pay or deposit any fee for the filing of any document or paper, for the performance of any official service, or for the filing of any stipulation or agreement which may constitute an appearance in any court by any other party to the stipulation or agreement." Government Code section 6103.5, subdivision (a), in turn states, "Whenever a judgment is recovered by a public agency named in [s]ection 6103,

---

[2]    Williams and Polpantu do not set forth any fact they could allege in an amended complaint to cure the defects in the operative pleading. Accordingly, they have presented no ground for leave to amend. They do argue that the trial court erred by denying their motion for sanctions filed in conjunction with their opposition to the demurrer by the Department and Beach. Given the demurrer was meritorious, no basis exists to sanction the Department and Beach for filing a frivolous demurrer.

either as plaintiff or petitioner or as defendant or respondent, in any action or proceeding to begin, or to defend, which under the provisions of [s]ection 6103 no fee for any official service rendered by the clerk of the court . . . has been paid . . . , the clerk entering the judgment shall include as a part of the judgment the amount of the filing fee, and the amount of the fee for the service of process or notices which would have been paid but for [s]ection 6103, designating it as such. The clerk entering the judgment shall include as part of the judgment the amount of the fees for certifying and preparing transcripts if the court has, in its discretion, ordered those fees to be paid." The proposed judgment, including the costs award, was served on Williams and Polpantu, and neither objected to the form of the judgment or any part thereof. Based on the lack of objection, and given the mandate of Government Code section 6103.5, subdivision (a), the amount of fees that would have been paid but for Government Code section 6103 could be entered in the judgment without the filing of a memorandum of costs.[3]

The November 22, 2013 notice of appeal also references an October 11, 2013 order striking Xiam Beer from the complaint as to defendant Morgan Imports, LLC, and an October 31, 2013 order striking Xiam Beer from the complaint as to defendants RLR Investments, LLC; R & L Transfer, Inc.; and Michelle Walsh. It is unclear from the record why the complaint was again stricken as to Xiam Beer given the September 20, 2013 order striking it from the complaint for nonpayment of fees. Nevertheless, both the October 11, 2013 and October 31, 2013 orders afforded Xiam Beer leave to amend and thus are not appealable orders. (Code Civ. Proc., § 581d; *County of Santa Clara v. Atlantic Richfield Co.* (2006) 137 Cal.App.4th 292, 312 [when motion granted with leave to amend, appeal lies only from ensuing dismissal entered after plaintiff fails to amend].)

---

[3] Williams and Polpantu also contend that the trial court could not enter judgment against them and award costs once it had determined that it lacked jurisdiction. They are incorrect. A trial court has jurisdiction to determine its own jurisdiction and then to enter judgment and award costs, which are incidental to the judgment. (*Brown v. Desert Christian Center* (2011) 193 Cal.App.4th 733, 740-741.)

As a result, the November 22, 2013 appeal is dismissed to the extent it relates to those nonappealable orders.[4]

## DISPOSITION

The appeal in No. B251940 is dismissed to the extent it is from the order denying Xiam Beer's fee waiver request. The order striking Xiam Beer from the complaint, also part of the appeal in No. B251940, is affirmed. The judgment entered after the order sustaining without leave to amend the demurrer of the Department and Beach, at issue in the appeal in No. B252749, is affirmed. The appeal in No. B252749 is dismissed to the extent it is from the nonappealable October 11, 2013 and October 31, 2013 orders striking Xiam Beer from the complaint. The parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED.


ROTHSCHILD, P. J.

We concur:


CHANEY, J.                    MILLER, J.[*]

---

[4] Williams and Polpantu maintain that Xiam Beer's October 9, 2013 notice of appeal stayed all matters in the trial court, which then had no authority to enter any orders after that date, including ruling on the demurrer. The notice of appeal, however, related only to Xiam Beer on a collateral issue regarding its fee waiver request and the striking of the complaint. As a result, the court could rule on the demurrer, which related to Williams and Polpantu with respect to their claims against the Department and Beach. The basis for the October 11, 2013 and October 31, 2013 orders striking Xiam Beer from the complaint is not, as noted, clear from the record, given the prior September 20, 2013 order striking it from the complaint. In any case, those orders are not appealable because, they afforded Xiam Beer leave to amend, and, therefore, any issues regarding those orders can be addressed after the conclusion of the October 9, 2013 appeal.

[*] Judge of the Los Angeles Superior Court, Assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10